

**IN THE SUPERIOR COURT OF GUAM**

7011 NOV 16 PM 4: 33

|  |  |
|---|---|
| TURNER INTERNATIONAL CONSTRUCTION, | CIVIL CASE NO. CV1870-09 |
| Plaintiff, | |
| vs. | |
| JIMMY J. LEE and NANCY B. LEE, | DECISION & ORDER |
| Defendants, | |
| vs. | |
| CHONGWEI GUO, DAVID T. GIVENS and YING FANG, | |
| Third-Party Defendants. | |

This matter came before the HONORABLE VERNON P. PEREZ on May 20, 2011 on Defendants' Motion to Dismiss. Attorney David Lujan represented Defendants. Attorney Joyce Tang represented Plaintiff who was not present. The Court took the motion under advisement. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendants' Motion for Dismissal has been granted by this Court with prejudice. Now Defendants brings a claim for sanctions against the Plaintiff.

## DISCUSSION

**Standard**

The Guam Supreme Court put forth the standard for applying sanctions in *Trans Pacific Export Co., v. Oka Towers Corp.*, 2000 Guam 3 ¶37-40. A court abuses its discretion in imposing sanctions when it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence.

The Ninth Circuit has observed "[T]hat the theme of the Rule discourages wasteful, costly litigation battles by mandating the imposition of sanctions when a lawyer's position, after reasonable inquiry, will not support a reasonable belief that there is a sound basis in law or in fact for the position taken. *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir.1986). "If, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time that the position is adopted, then sanctions should not be imposed." *Id.* (citation omitted). *See also Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1140 (9th Cir.1990); *Zalvidar v. City of Los Angeles*, 780 F.2d 823, 828–32 (9th Cir.1986).

In the case *In re Grantham Brothers*, 922 F.2d 1438 (9th Cir.1991), the Ninth Circuit affirmed the imposition of Rule 11 sanctions upon a plaintiff who had filed a collateral attack upon the earlier judgment of a bankruptcy court's sale order. *Id.* at 1442. The court held that the plaintiff's complaint contained an impermissible collateral attack upon the bankruptcy court's order. It found that the failure of the plaintiffs to seek any review, reconsideration, or stay of the bankruptcy court's order precluded the collateral attack contained in its complaint, and that the district court did not abuse its discretion in assessing sanctions for it. *Id.*

**Motion for Sanctions**

Defendants request that sanctions be assessed against Plaintiff for a failure to prosecute. The Court has already found Plaintiff responsible for failing to prosecute this case. Yet, as Plaintiff's attorney has mentioned at hearing for the Motion to Dismiss, he in unable to contact his client because Plaintiff is potentially terminally ill. The Court believes that at the time Plaintiff filed the dismissed complaint, he did so reasonably in both law and fact and did not file this claim maliciously. Plaintiff's pleadings contained exhibits and documents supporting his claim and requested liens. This Court fins that those documents sufficiently provided Plaintiff with a reasonable belief that his claim was valid. Thus, under 9th Circuit persuasive precedent, which is cited by the Guam Supreme Court, the case law simply does not support sanctions in this matter. *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1140 (9th Cir.1990); *Zalvidar v. City of Los Angeles*, 780 F.2d 823, 828–32 (9th Cir.1986); *See also Trans Pacific Export Co., v. Oka Towers Corp.*, 2000 Guam 3. The Court does not believe imposing sanctions

on someone that may potentially be physically unable to answer Defendants' Motions and or explain his failure to prosecute is appropriate. The Court will allow the dismissal with prejudice to stand as adequate sanctions in this matter.

## CONCLUSION

Defendants' Motion for Sanctions is DENIED.

So ORDERED this ___ day of November, 2011.

NOV 1 6 2011

Original Signed By:

HON. VERNON P. PEREZ

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

NOV 1 6 2011
___ 20 ___

Jacqueline S.C. Terlaje

Deputy Clerk, Superior Court of Guam